**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      No. CV 10-1053 JC/LAM
                                             CR 05-2366 JC

JULIO GUERRERO-CASTRO,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Petition For Relief From Judgment Pursuant To N.M. Dist. Ct. P.C.P. 1-060B(6) (CV Doc. 1; CR Doc. 30) (the "motion") filed on November 8, 2010,[1] and motion to proceed in forma pauperis ("IFP") (CV Doc. 2; CR Doc. 31). It appears from the record that Defendant has previously been found indigent (CR Doc. 4), and thus the IFP motion is moot. Defendant alleges that he was prejudiced during sentencing by ineffective assistance of counsel. He asks the Court to vacate the judgment of conviction that was entered on July 6, 2006. The record indicates that Defendant did not file a notice of appeal from the judgment.

Defendant's allegations amount to a collateral attack on his sentence, which he may prosecute only in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See* § 2255; *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"); *and cf. United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010) ("A motion under Rule 60(b) 'is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2).'") (quoting *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)). His claims are expressly contemplated by §

---

[1] The Clerk entered the motion on the docket as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and opened a civil case.

2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or . . . was in excess of the maximum authorized by law." § 2255.

On the other hand, the Court is not required to recharacterize every claim that is incorrectly filed under a statute or rule other than § 2255. *See, e.g., Hagin v. Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005) (upholding district court's refusal to construe an application as a § 2254 petition); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (same for § 2255 motion); *Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003). In particular, the Court need not recharacterize a motion that would clearly be barred as untimely. *See Valadez-Camarena*, 402 F.3d at 1261 (affirming district court's refusal to recast pleadings as a § 2255 motion when relief would be "facially 'barred as untimely' ").

Defendant's conviction became final when the time for filing an appeal ended, *see United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000), and, as indicated by the dates above, he filed his motion more than three years after expiration of the one-year limitation period in § 2255. The Court therefore declines to recharacterize Defendant's rule 60(b) motion as a § 2255 motion, and, because his claims are not cognizable under civil rule 60(b), the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to proceed in forma pauperis (CV Doc. 2; CR Doc. 31) is DENIED as moot;

IT IS FURTHER ORDERED that Defendant's Petition For Relief From Judgment Pursuant To N.M. Dist. Ct. P.C.P. 1-060B(6) (CV Doc. 1; CR Doc. 30) filed on November 8, 2010, is DISMISSED for failure to present cognizable claims; and this civil proceeding is DISMISSED.

                                                     _____
                                                     SENIOR UNITED STATES DISTRICT JUDGE